```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:06-00072-02

**LYDELL ANTHONY COLLIER**

## MEMORANDUM OPINION AND ORDER

In Bluefield, on August 13, 2018, came the defendant, Lydell Anthony Collier, in person and by counsel, Louie Thompson Price; the United States by Timothy Boggess, Assistant United States Attorney; and the United States Probation Office by Brett Taylor, United States Probation Officer for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violation contained in the petition filed on July 13, 2017, and later amended on July 31, 2018 to reflect defendant's March 14, 2018 felony conviction. In this conviction, defendant pled guilty in the Circuit Court of McDowell County, West Virginia to attempted strangulation of his ex-wife, Heather Bishop.

The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the

right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant did not challenge the allegations within the petition.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Accordingly, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 24 to 30 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of five (5) years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence a defendant without updating the presentence investigation report.

The court provided counsel for both parties and defendant with an opportunity to speak regarding the appropriate sentence.

The government argued that the serious nature of defendant's criminal activity warranted a sentence within the applicable Guideline range.  The officer responding to the

incident, West Virginia State Trooper Michael D. Brooks, testified about the July 7, 2017 incident.  Brooks responded to a 911 call alleging that the defendant had driven up behind Bishop, physically assaulted her, and choked her.  Brooks eventually located the defendant and took him into custody.  He also observed injuries to Bishop's neck and eye, and that she was only wearing one shoe.  See Government Exhibit 1-3; see also Government Exhibit 5 (detailing lacerations on defendant's knuckles).

Counsel for the defendant stated that the criminal conviction and conduct at issue was an isolated event.  For approximately 31 months, defendant complied with his conditions of supervised release.  The defendant was also regularly employed, sometimes working more than 60 hours a week.  Accordingly, counsel requested that defendant be sentenced at the bottom of the Guideline range.

The defendant stated that he made a bad decision, but that should not define him.  Instead, for more than 2.5 years after his release from incarceration, he was regularly employed, changed his environment and friend group, and had not violated any condition of supervised release.  Moreover, the defendant admitted responsibility for his actions.

Pursuant to the Sentencing Reform Act of 1984 and based on the foregoing, the court **ORDERED** that the defendant's current

term of supervised release be **REVOKED** and that the defendant serve a term of imprisonment of 24 months.  Following his term of imprisonment, the defendant shall be subject to a 36-month term supervised release subject to the conditions originally imposed by this court.  The court recommends to the Bureau of Prisons that the defendant be incarcerated at FCI Ashland.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements. The court considered all of the findings in the case and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 21st day of August, 2018.

ENTER:

David A. Faber
Senior United States District Judge